UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE RUDY KIRK,<br><br>    Plaintiff,<br><br>    v.<br><br>AUDREY KING,<br><br>    Defendant. | Case No.: 1:13-cv-00428-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND DIRECTING CLERK OF COURT TO TERMINATE ACTION<br><br>(ECF No. 1) |

Plaintiff Lawrence Rudy Kirk is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c)(1), Plaintiff has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff is currently confined at the Coalinga State Hospital.  Plaintiff challenges the civil commitment order pursuant to California's Sexually Violent Predator Act ("SVPA").  Cal. Welf. & Inst. Code § 6600.  Plaintiff contends that he has been held pursuant to an illegal SVP petition since 2000.  Plaintiff requests an injunction ordering the defendant to release him immediately.  Plaintiff does not seek monetary damages.

## III.
## DISCUSSION

Because Plaintiff has been tried and convicted as a SVP, and found to be lawfully detained, Plaintiff's challenge to the legality of his detention is barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994).

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a

judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. If the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed. Id. at 486-487. The Ninth Circuit has held that the "favorable termination" rule of Heck is not limited to section 1983 claims that imply the invalidity of a plaintiff's criminal conviction or sentence, but applies equally to section 1983 claims that imply the validity of a plaintiff's civil commitment. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005). The Ninth Circuit reasoned that "Heck's favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus," and thus applies not only to prisoners, but to other persons who are "in custody" and thus have access to habeas relief. Id. at 1139. Because civilly committed persons have access to habeas relief to obtain release from custody, Heck requires a civil committed person to invalidate his civil commitment before pursuing a section 1983 action. Id. at 1140.

Plaintiff's allegations demonstrate that he is in custody under a SVP commitment, which, thus far, has not been invalidated. Although Plaintiff does not seek monetary damages, he must succeed in invalidating his commitment in state proceedings or by way of federal habeas corpus review, before he may seek relief by way of section 1983. Heck, 512 U.S. at 487; Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original). Accordingly, the instant complaint must be dismissed for failure to state a cognizable claim.

///
///
///
///
///

**IV.**

**ORDER**

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, filed March 18, 2013, is dismissed, without prejudice, for failure to state a claim; and

2. The Clerk of Court is directed to terminate this action and enter judgment.

IT IS SO ORDERED.

Dated:   **September 11, 2013**              _____
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE